[Civ. No. 2390.   Second Appellate District, Division One.—December 1, 1919.]

ROBERT B. VAILE, Respondent, v. WALKER CONSTRUCTION COMPANY (a Corporation), Appellant.

[1] CONTRACTS—ACTION FOR SERVICES—RIGHT TO COMPENSATION DURING VACATION—EVIDENCE.—In this action to recover, along with disbursements made by plaintiff for and on behalf of defendant at its special instance and request, a balance alleged to be due plaintiff from defendant under the terms of a written contract of employment, plaintiff was entitled, under the evidence, to compensation for periods of time in each year covered by his service during which he was on vacation.

APPEAL from a judgment of the Superior Court of Imperial County. Franklin J. Cole, Judge. Reversed.

The facts are stated in the opinion of the court.

B. D. Noel for Appellant.

James W. Glassford for Respondent.

SHAW, J.—The complaint herein contains two counts. The first states a cause of action for disbursement of money made by plaintiff for and on behalf of defendant at its special instance and request. In the second count plaintiff sues for a balance alleged to be due him from defendant under the terms of a written contract of employment at a salary of $125 per month. The court, in effect, found that the sum of one hundred dollars was due to plaintiff upon the first count, and $574.58 due upon the second count, making a total of $674.58, upon which defendant was entitled to a credit of $350, as the value of a lot, title to which defendant caused to be conveyed to plaintiff; upon which finding the court gave judgment against defendant for $324.58, from which it appeals.

The finding as to the amount due upon the first count is not questioned by appellant.

The term of employment, as alleged in the complaint, was from August 1, 1913, to September 1, 1916, making thirty-seven months, which, at the salary specified in the contract of $125 per month, amounts to $4,625; notwithstanding which fact the court found the total sum earned during the thirty-seven months to have been $4,775, upon which it found that $4,200.42 had been paid. Deducting this latter sum from the amount of $4,625, which was the actual sum earned, leaves a balance of $424.58, instead of $574.58, as found by the trial court.

[1] Appellant's contention that plaintiff was not entitled to compensation for periods of time in each year covered by his service during which he was on vacation is without merit. The evidence shows that the vacations taken by him were not only in accordance with the prevailing custom in the employment in which plaintiff was engaged, but that defendant, as such employer, in each case assented thereto, and, except as to the last year, paid his full salary, thus recognizing his right to take a vacation without any deduction from his salary.

Upon the proofs made, it clearly appears that plaintiff is entitled to recover for the amount erroneously found due by

the court, less $150; and, since the contract provides that he should have thirty days' notice by defendant of the termination of the employment, perhaps, also, for an additional month's salary. But upon the allegations of the complaint and findings made we are unable to order a modification of the judgment so as to afford him the relief to which otherwise he is entitled.

The judgment is reversed.

Conrey, P. J., and James, J., concurred.